98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos BURNS, Defendant-Appellant.
 No. 96-1274.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.
Decided Oct. 1, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On November 2, 1995, Carlos Burns pleaded guilty to one count of possession of 106.8 grams of cocaine base with intent to distribute and one count of possession of 799.3 grams of cocaine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). On January 26, 1996, the district court sentenced Mr. Burns to 120 months' imprisonment on Counts I and II, to run concurrently. The court also sentenced Mr. Burns to 5 years' supervised release on Count I and 4 years' supervised release on Count II, to run concurrently upon the completion of his term of imprisonment. The defense raised no objections at either Mr. Burns's change of plea hearing or his sentencing hearing.
 
 
 2
 Mr. Burns then brought this appeal, and Renee Schooley, Mr. Burns's attorney, filed a motion seeking the court's permission to withdraw as counsel on appeal.[1] After reviewing Mr. Burn's plea agreement, change of plea hearing, pre-sentence investigation report and sentencing hearing, we conclude that the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Mr. Burns's plea of guilty, correctly calculated his sentence under the United States Sentencing Guidelines, and properly imposed sentence in accordance with Rule 32 of the Federal Rules of Criminal Procedure.
 
 
 3
 Because we find no non-frivolous issues which warrant review on appeal, we GRANT counsel's motion to withdraw and DISMISS this appeal.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Per Circuit Rule 51(a), Mr. Burns was notified of counsel's motion and was given an opportunity to respond. Mr. Burns has not done so